IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JOHNNY D. HARDEE, | ) | CIVIL ACTION 4:11-CV-00931-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. Upon consent of the parties, this case was referred to the undersigned for the conduct of all further proceedings and the entry of judgment.

## I. PROCEDURAL HISTORY

Plaintiff, Johnny D. Hardee, protectively filed for (DIB) and (SSI) on March 20, 2007, alleging an inability to work due to degenerative joint disease of bilateral shoulders and degenerative joint disease of bilateral knees. (Tr. 18, 134). The Commissioner denied Plaintiff's

claim initially and upon reconsideration. (Tr. 18). Plaintiff requested a hearing in front of an administrative law judge (ALJ). ALJ Richard L. Vogel conducted a hearing by video teleconference on July 28, 2009 at which Plaintiff testified. On September 15, 2009, the ALJ issued a decision finding that Plaintiff was not disabled because jobs exist in significant numbers in the national economy that Plaintiff could still perform. (Tr. 26). After the Appeal's Counsel denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision for purposes of judicial review under 42 U.S.C. Section 405(g). *See* 20 CFR § 404.981. Plaintiff filed the instant action on November 14, 2011.

## II. FACTUAL BACKGROUND

Plaintiff was born on August 15, 1950, and was 58 years old on the date of the hearing before the ALJ. (Tr. 26). He has at least a high school education and past work experience as a paramedic and janitor.

## III. DISABILITY BACKGROUND

The Plaintiff's arguments are as follows, quoted verbatim:

1. The ALJ's RFC was reached through a misappropriation of the standards for weighing evidence and lacks substantial evaluating support.

2. The ALJ committed reversible error by failing to obtain expert vocational testimony.

3. The ALJ did not give adequate consideration to the conclusion of the Veteran's Administration that Hardee was unable to obtain and maintain a substantially gainful occupation.

(Plaintiff's Brief).

In the decision of September 15, 2009, the ALJ found the following:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.

2. The claimant has not engaged in substantial gainful activity since November 16, 2004.

3. The claimant has the following severe impairments: shoulder and knee degenerative joint disease. 20 CFR § 404.1520( c) and § 416.920(c).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 104, Subpart P, Appendix 1. 20 CFR § 404.1520(d), § 404.1525, § 404.1526, § 416.920(d), § 416.925, and § 416.926.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR § 404.1537( c) and § 416.967( c). Medium exertional work is described by the Commissioner of the Social Security Administration as requiring lifting and carrying 50 pounds occasionally and 25 pounds frequently as well as an ability to sit, stand, and walk for 6 hours in an 8-hour workday. The claimant is limited to no more than frequent kneeling and frequent overhead reachings.

6. The claimant is unable to perform any past relevant work. 20 CFR § 404.1565 and § 416.965.

7. Claimant was born on August 15, 1950 and was 54 years old which is defined as an individual of advanced age, on the onset date. 20 CFR § 404.1563 and § 419.963.

8. Claimant has at least a high school education and is able to communicate in English. 20 CFR § 404.1564 and § 416.964.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a

>    framework supports a finding that the claimant has transferable job skills. *See* 20 CFR Part 404, Subpart P, Appendix 2.
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform. 20 CFR § 404.1563, § 404.1569(a), § 416.969, and § 416.969(a).
>
> 11. Claimant has not been under a disability, as defined in the Social Security Act, from November 16, 2004 through the date of this decision. 20 CFR § 404. 1520(g) and § 416.920(g).

(Tr. 18-27).

The Commissioner argues that the ALJ's decision was based on substantial evidence and that the phrase "substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 390-401, (1971). Under the Social Security Act, 42 U.S.C. § 405 (g), the scope of review of the Commissioner's final decision is limited to: (1) whether the decision of the Commissioner is supported by substantial evidence and (2) whether the legal conclusions of the Commissioner are correct under controlling law. Myers v. Califano, 611 F.2d 980, 982-83 (4th Cir. 1988); Richardson v. Califano, 574 F.2d 802 (4th Cir. 1978). "Substantial evidence" is that evidence which a "reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 390. Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). The Court's scope of review is specific and narrow. It does not conduct a de novo review of the evidence, and the Commissioner's finding of non-disability is to be upheld, even if the Court disagrees, so long as it is supported by substantial evidence. 42 U.S.C. § 405 (g) (1982); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

The general procedure of a Social Security disability inquiry is well established. Five questions are to be asked sequentially during the course of a disability determination. 20 C.F.R. §§ 404.1520, 1520a (1988). An ALJ must consider (1) whether the claimant is engaged in substantial gainful activity, (2) whether the claimant has a severe impairment, (3) whether the claimant has an impairment which equals a condition contained within the Social Security Administration's official listing of impairments (at 20 C.F.R. Pt. 404, Subpart P, App. 1), (4) whether the claimant has an impairment which prevents past relevant work and (5) whether the claimant's impairments prevent him from any substantial gainful employment.

Under 42 U.S.C. §§ 423 (d)(1)(A) and 423(d)(5) pursuant to the Regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." See 20 C.F.R. § 404.1505(a); Blalock, 483 F.2d at 775.

If an individual is found disabled or not disabled at a step, further inquiry is unnecessary. If it can not be determined if an individual is disabled or not disabled at a step, further inquiry is necessary by advancing to the next step in the sequential evaluation. 20 C.F.R. § 404.1520(a); Hall v. Harris, 658 F.2d 260 (4th Cir. 1981). An ALJ's factual determinations must be upheld if supported by substantial evidence and proper legal standards were applied. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

A claimant is not disabled within the meaning of the Act if she can return to her past relevant work as it is customarily performed in the economy or as the claimant actually

performed the work.   SSR 82-62.  The claimant bears the burden of establishing her inability to work within the meaning of the Social Security Act.   42 U.S.C. § 423 (d)(5).  She must make a prima facie showing of disability by showing she was unable to return to her past relevant work. Grant v. Schweiker, 699 F. 2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to  return to her past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy that the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert.  Id. at 191.

## IV.  ARGUMENTS AND ANALYSIS

Plaintiff argues that the ALJ erred by failing to address substantial evidence contradicting his finding that Plaintiff could perform work at the medium exertional level. Specifically, Plaintiff asserts that the ALJ improperly ignored and failed to consider uncontroverted medical evidence that he had poor use of his knees for bending, stooping, and squatting which are essential requirements for medium exertional work. Plaintiff argues that the ALJ made no attempt to resolve the conflict between Dr. Ward's opinion on a return to work form dated June 17, 2005, indicating Plaintiff had reached maximum medical improvement and could return to work with no restrictions, and Dr. Ward's opinion on an insurance form dated May 18, 2005, expressing that Plaintiff had a "class five" impairment defined as "severe limitations of functional capacity; incapable of minimal (sedentary) activity. (75 to 100%)." (Plaintiff's brief,

p. 20). Additionally, Plaintiff argues that the opinion by the one time evaluating physical therapist, Ricky Owens, in the 2005 Functional Capacity Evaluation (FCE) was not an opinion of an acceptable medical source and was not entitled to greater weight than the opinion from acceptable medical sources, and did not constitute substantial evidence. Plaintiff further asserts that there were ambiguities and inconsistencies in the records of the physical therapist and the treating physician relied on by the ALJ which he failed to resolve.

Defendant argues that the ALJ reasonably found Plaintiff could perform a range of medium work. Defendant contends that according to 20 CFR 416.913(d), an agency may use evidence from other sources[1] and the ALJ should explain the weight given to opinions from "other sources." Defendant asserts that the ALJ found physical therapist Owen's opinion was consistent with the evidence and, therefore, entitled to great weight and that Owen's opinion is consistent with Dr. Ward's assessment that Plaintiff could work, but not with heavy lifting.

In his decision, the ALJ concluded the following with regard to opinion evidence:

> The undersigned gives Dr. Richard Ward's post surgical (rotator cuff repair) work restrictions of light work with no lifting to prevent re-injury, some weight, as they are consistent with the evidence of record. However, the undersigned notes that there is no indication that these were more than temporary lifting limitations that would be accorded a patient following a procedure of this type. Moreover, in June 2005, Dr. Ward reported the claimant had met maximum medical improvement and released him to return to work in July 2005.

---

[1] Acceptable medical sources are licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech pathologists. 20 CFR § 416.913. However, "in addition to evidence from the acceptable medical sources listed ... we may also use evidence from other sources to show the severity of your impairment(s) and how it affects your ability to work." *Id.* Physical Therapists are included on this list. *Id.*

> The undersigned concurs with the June 2005, conclusion of the claimant's physical therapist, Ricky Owens, M.P.T., that the claimant was capable of doing medium work activity and gives it great weight, as it is consistent with the medical evidence and accommodated within the residual functional capacity provided above.

(Tr. 24).

However, the ALJ failed to address or explain Dr. Ward's medical opinion of May 18, 2005, that Plaintiff was incapable of work even at the sedentary exertional level since November 2004. This opinion directly conflicted with the ALJ's RFC assessment of medium work. Additionally, there was an inconsistency in the records of Ricky Owens who only evaluated Plaintiff on one occasion and was not Plaintiff's "physical therapist" as indicated by the ALJ. Ricky Owens noted on the evaluation form he completed that Plaintiff was only capable of performing sedentary work but wrote on the cover fax sheet that Plaintiff could perform medium work. The ALJ failed to resolved these conflicts or further develop the record. The ALJ has a duty to assume a more active role in helping the claimant develop the record where the claimant is not represented by counsel as in this case. See Craig v. Chater, 76 F.3d 585, 591 (4th Cir. 1996); Cook v. Heckler, 783 F.2d 1168, 1173-74 (4th Cir. 1986). Additionally, the ALJ did not accord any weight to the supporting report by consultative orthopaedic examiner Regina A. Roman who noted that Plaintiff "had some difficulty performing a squat and required holding on to the table and some assistance getting back up." (Tr. 304). At a second examination by Dr. Roman on May 16, 2007, it was noted that she observed significant creptitus in Plaintiff's left knee and opined that Plaintiff "was not able to squat" and diagnosed him with "chronic bilateral knee pain." (Tr. 315-316). Furthermore, the ALJ did not discuss Dr. Stephen D. Grubb's medical opinion and evidence concerning Plaintiff's inability to squat and other functional limitations. Dr. Grubb

was Plaintiff's primary care physician who noted that Plaintiff could not squat, kneel, lift over 50 lbs or lift his right arm out and up. (Tr. 428).

There were unresolved inconsistencies within the medical evidence and the physical therapy notes. The ALJ relied on one of Dr. Ward's notes with no explanation as to the inconsistencies in Dr. Ward's opinions, as well as, the physical therapy notes and RFC evaluation. The record is unclear based on the inconsistencies and considering it in conjunction with Dr. Grubb's findings. It may well be that substantial evidence exists to support the Commissioner's decision, however, without explanation of the inconsistencies in the record, the record lacks the appropriate administrative analysis for the court to conduct a proper review. Additionally, depending on the ALJ's determinations after conducting a proper analysis of the opinion evidence, it may be necessary to obtain VE testimony.

## V.  CONCLUSION

Accordingly, pursuant to the power of the Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in social security actions under sentence four of Sections 205(g) and 1631 (c) (3) of the Social Security Act, 42 U.S.C. Sections 405 (g) and 1338 (c) (3), it is,

IT IS ORDERED that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be **remanded** to the Commissioner for further administrative action as set out above.

    AND IT IS SO ORDERED.

|  |  |
|---|---|
| Florence, S.C. | s/Thomas E. Rogers, III |
| September <u>25</u>, 2012 | Thomas E. Rogers, III |
|  | United States Magistrate Judge |